# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 98-40034-01-DDC

CARL LANEILL BROWN (01),

        Defendant.

## MEMORANDUM AND ORDER

In 2016, proceeding *pro se*, Mr. Brown asked the Tenth Circuit for permission to file a successive petition under 28 U.S.C. § 2255. Doc. 235. On December 31, 2019, the Tenth Circuit granted that permission. Doc. 249. Mr. Brown has now filed a § 2255 motion contending that one of his two convictions pursuant to 18 U.S.C. § 924(c) (count 4) is invalid, relying on the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Doc. 251. Mr. Brown claims that: (1) his conviction in Count 4 of violating § 924(c) is based on his conviction in Count 1 for conspiracy to commit carjacking, (2) a conspiracy to commit carjacking cannot support a § 924(c) conviction, and (3) thus, the court must vacate his § 924(c) conviction in count 4. *Id.* The government agrees with Mr. Brown. In this Memorandum and Order, the court ratifies the parties' agreement and vacates Mr. Brown's conviction of the crime alleged in count 4.

### A. Procedural History

On April 1, 1998, Mr. Brown was indicted on five counts: (1) conspiracy to commit carjacking, (2) carjacking, (3) a violation of 18 U.S.C. § 924(c) parasitic on carjacking, (4) a

violation of 18 U.S.C. § 924(c) parasitic on conspiracy to commit carjacking, and (5) being a felon in possession of a firearm.  Doc. 1.  On August 31, 1998, a jury convicted Mr. Brown of all counts.  Doc. 123.  The court sentenced Mr. Brown to 410 months in custody, apportioning his custody sentence among the five counts as follows:

- Count 1 - conspiracy to commit carjacking - 110 months, concurrent to counts 2 and 5;

- Count 2 - carjacking - 110 months, concurrent to counts 1 and 5;

- Count 3 - § 924(c), with a predicate crime of violence of carjacking, 60 months, consecutive to counts 1, 2, and 5;

- Count 4 - § 924(c), with a predicate crime of violence of conspiracy to commit carjacking, 240 months, consecutive to counts 1, 2, 3, and 5;

- Count 5 - felon in possession of a firearm - 110 months, concurrent with counts 1 and 2, consecutive with counts 3 and 4.

*See* Doc. 149 at 2.  A 110-month sentence was imposed on counts 1, 2, and 5, concurrent with each other.  A consecutive 60-month sentence was imposed on count 3.  Another consecutive 240-month sentence was imposed on count 4.  *Id.*  The validity of the consecutive 240-month sentence imposed under Mr. Brown's conviction on count 4 is the subject of Mr. Brown's current petition under § 2255.

The Tenth Circuit affirmed Mr. Brown's convictions and sentences on appeal.  Doc. 186. In 2001, Mr. Brown filed a petition under 28 U.S.C. § 2255, which the district court denied. Docs. 202, 217.  The Tenth Circuit again affirmed.  Doc. 223.  Thirteen years later, in 2016, Mr. Brown filed a *pro se* petition asking the Tenth Circuit to authorize him to file a successive petition.  Doc. 235.  On December 31, 2019, the Tenth Circuit granted Mr. Brown permission to

file a successive § 2255 petition.  Doc. 249 at 2.  Mr. Brown filed that § 2255 petition eight days later.  Doc. 251.

**B. Analysis.**

Applying *Davis* to his case, as the Circuit has allowed Mr. Brown to do, he argues that his § 924(c) conviction on count 4 is constitutionally infirm.  Section 924(c) penalizes (as relevant here), carrying a firearm during and in relation to a crime of violence.  A crime of violence, as defined by § 924(c)(3), is a felony offense that either:  "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Subsection (A) is commonly known as the force clause; subsection (B) is commonly known as the residual clause.  *Davis* held the residual clause unconstitutional.  Because *Davis* applies to cases on collateral review, the residual clause cannot sustain Mr. Brown's § 924(c) conviction.  *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019) ("[T]he Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review.")

And, the United States and Mr. Brown also agree that the force clause cannot sustain Mr. Brown's conviction.  A crime of violence under the force clause must have, as one of its elements, the use, attempted use, or threatened use of physical force.  § 924(c)(3)(A).  The government agrees that the offense underlying Mr. Brown's § 924(c) conviction in court four—conspiracy to commit carjacking—does not have as an element the use, attempted use, or threatened use of physical force.  As the Tenth Circuit has explained, conspiracy convictions do "not require proof of the use, attempted use, or threatened use of physical force."  *United States*

*v. Fell*, 511 F.3d 1035, 1037 (10th Cir. 2007). Other circuits agree. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) ("Simms's offense—conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the elements-based categorical approach, as the United States now concedes."); *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("To convict Reece of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, Reece's conviction for conspiracy to commit bank robbery cannot be a [crime of violence] under § 924(c)(3)'s elements clause. That the object crime of the conspiracy constituted a [crime of violence] is irrelevant.").

The parties agree the holding in *Davis* eliminates the only possible basis for Mr. Brown's § 924(c) conviction in count four. The court ratifies the parties' agreement, and vacates Mr. Brown's conviction under 18 U.S.C. § 924(c).

**IT IS THEREFORE ORDERED THAT** Mr. Brown's 28 U.S.C. § 2255 petition to vacate his conviction on count four (Doc. 251) is granted.

**IT IS SO ORDERED.**

**Dated this 15th day of January, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**